# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1757V
**Filed: March 16, 2021**
UNPUBLISHED

| | |
|---|---|
| BRANDON RICHARDSON,<br><br>　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　　Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; significant aggravation; Influenza (flu) vaccine; Bell's Palsy |

*Jessica W. Hayes*, Murray Law Firm, New Orleans, LA, for petitioner.
*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On November 13, 2018, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that he suffered aggravation of his Bell's Palsy due to an adverse reaction to an influenza vaccination that he received on November 11, 2015. (ECF No. 1.) On January 29, 2020, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 30.) On May 13, 2020, a status conference was held where I explained why petitioner faced significant challenges in carrying his burden of proof. (ECF No. 32, p. 2.) I also questioned the reasonable basis of petitioner's claim going forward given the existing record and encouraged petitioner to consider dismissing his claim. (*Id.* at 3.) Petitioner filed a status report on September 11, 2020 indicating that he intended to file additional evidence in the form of expert reports and witness affidavits documenting his injury. (ECF No. 36.) Petitioner was given additional time to file this evidence.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

However, on March 15, 2021, petitioner filed a Motion for a Decision Dismissing his Petition. (ECF No. 41.) Petitioner indicated that "[a]n investigation into the facts as well as the relevant medical and scientific evidence supporting the case has demonstrated to Petitioner that he will be unable to prove entitlement to compensation through the National Vaccine Injury Compensation Program," and that "further proceedings would be unreasonable and a waste of the resources of the Court, the parties, and the National Vaccine Injury Compensation Program" (*Id*. at 1.) Petitioner further stated that "[p]etitioner understands that a decision by the Special Master dismissing the petition will result in a judgment against him. [Petitioner] has been advised that the entry of a judgment against him will end all of his rights in the National Vaccine Injury Compensation Program." (*Id*. at 2.)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). Where a petitioner is seeking to prove that a vaccination aggravated a pre-existing injury, petitioners must also establish the vaccinee's condition prior to the administration of the vaccine, the vaccinee's current condition, and whether the vaccinee's current condition constitutes a "significant aggravation" of the condition prior to the vaccination. *See Loving v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 135, 144 (Fed. Cl. 2009) (combining the first three *Whitecotton* factors for claims regarding aggravation of a Table injury with the three *Althen* factors for off table injury claims to create a six-part test for off-Table aggravation claims); *see also W.C. v. Sec'y of Health & Human Servs.*, 704 F.3d 1352, 1357 (Fed. Cir. 2013)(applying the six-part *Loving* test.). In all events, the Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion.

Petitioner's medical records do not support his allegations by a preponderance of the evidence and he did not file a medical opinion from an expert in support of his allegations. Accordingly, the undersigned **GRANTS** petitioner's Motion for a Decision Dismissing the Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.